IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL MARTINEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CA C-08-336 |
| | § | |
| M. MARTIN, ET AL., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR
COPIES OF MEDICAL RECORDS**

Plaintiff a former inmate of the Beaumont FCI, currently living in Alice, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants prison officials and FCI Beaumont and medical providers at UTMB were deliberately indifferent to his serious medical needs. Pending is plaintiff's motion for appointment of counsel (D.E. 25) and his motion for copies of his medical records (D.E. 27). The motions are denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. According to plaintiff, defendants failed to promptly respond to his need for medical treatment. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's testimony at the evidentiary hearing demonstrated that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for trial. A recommendation to grant summary judgment in favor of defendants is pending; however should this recommendation not be adopted and the case set for trial, counsel may be appointed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 25) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

Plaintiff also requests copies of his medical records. Plaintiff may request copies of his medical records directly from counsel for defendants, and he should have received copies when he was mailed a copy of the pending motions for summary judgment. Plaintiff's motion (D.E. 27) is denied without prejudice.

ORDERED this 21st day of October, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE